IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Larry Melton, # 237602, )<br>)<br>)         Petitioner, )<br>)<br>vs. )<br>)<br>Warden Edsel T. Taylor, )<br>)<br>)         Respondent. )<br>) | Civil Action No. 6:15-1400-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The plaintiff is an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections ("SCDC"). The SCDC website (http://public.doc.state.sc.us/scdc-public/, last visited on Apr. 20, 2015) indicates that the petitioner is serving a fifteen-year sentence for second-degree criminal sexual conduct with a minor. The petitioner's conviction was entered in the Court of General Sessions for Chesterfield County (No. 2007-GS-13-0788). The petitioner filed a habeas corpus action with respect to his conviction for criminal sexual conduct in *Larry Melton v. Wayne McCabe, Warden*, Civil Action No. 6:11-2790-RBH-KFM, wherein summary judgment was granted to the respondent on August 19, 2013.

    In the above-captioned case, the petitioner is seeking "jail time" credit for convictions for being a habitual traffic offender (first offense and second offense) (doc. 1 at 1). The petitioner states that he was sentenced on January 15, 2003, on these convictions. With respect to state court proceedings, the petitioner writes "N/A" in his answers to Questions 7 through 9(g) of the Section 2254 form (*id*. at 2–3). With respect

to Question 9(h), the petitioner states that he, in 2014, filed a petition for writ of habeas corpus with the Supreme Court of South Carolina, which was denied (*id*. at 3).

The petitioner raises two grounds in the Section 2254 petition, both of which relate to his request for thirteen months of jail time credit. The petitioner contends that he was denied Due Process and Equal Protection when he was denied thirteen months of jail time credits (*id*. at 5, 7). The petitioner writes "N/A" on his answers to questions to state court proceedings relating to Grounds One and Two (*id*. at 6–7). The petitioner, however, indicates that he filed a mandamus petition with the Supreme Court of South Carolina (*id*. at 7). The exhibits appended to the petition include the sentencing sheet for the petitioner's conviction for second-degree criminal sexual conduct with a minor (doc. 1-1 at 3), copies of motions or correspondence sent by the petitioner to the Clerk of Court for Chesterfield County, and correspondence from the Clerk of Court Chesterfield County to the petitioner (*id*. at 1–2, 4–11).

In his Answers to Court's Special Interrogatories, the petitioner indicates that he has not filed an application for post-conviction relief pertaining to his request for jail time credit (doc. 8). The petitioner states that he believes that this federal court can grant him relief pursuant to 28 U.S.C. § 2241 (*id*.). With respect to the question as to where the petitioner served his habitual traffic offender sentences, the petitioner writes: "please see Attached Sheets (Including NCIC-Rap Sheet)" (*id*.). In his attached sheet, the petitioner indicates that he served his sentence at the Chesterfield County Detention Center in 2003 and 2004 (doc. 8-1 at 1).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a

*pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In light of the fact that the petitioner has utilized a Section 2254 form in the above-captioned case, it is not necessary for this court to decide whether he must proceed under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See Gregory v. Coleman*, No. 06-6646, 218 Fed. App'x 266, at *1 & n. * (4th Cir. Feb. 20, 2007) (recognizing majority view that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner even when prisoner is not challenging underlying conviction, but declining to indicate whether the Fourth Circuit would join the majority of Circuit Courts).

The petitioner has not exhausted his state court remedies. Under either § 2254 or § 2241, a petitioner must first fully exhaust his or her state remedies before filing a federal habeas petition. For a § 2254 petitioner, the exhaustion requirement is statutory. 28 U.S.C. § 2244(d). Despite the absence of an express exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a petitioner must exhaust his or her state remedies before filing a federal habeas petition. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973). The petitioner has acknowledged that he has not filed an application for post-conviction relief relating to his request for jail time credit (doc. 8).

The decision of the Supreme Court of South Carolina in *Al-Shabazz v. State*, 527 S.E.2d 742, 368 (S.C. 2000), and S.C. Code Ann. § 17-27-20(a)(5) ("That his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint[.]") permit a prisoner to exhaust

a claim relating to sentence calculation through the PCR process. A request for jail time credit is cognizable in an application for post-conviction relief. *See Blakeney v. State*, 529 S.E.2d 9, 11 (S.C. 2000) ("Accordingly, the PCR judge properly ordered the DOC to credit respondent for time served from September 1, 1992."). Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 325 S.E.2d 535, 537–38 (S.C. 1985).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 (4th Cir. 1977).

The mandamus and habeas petitions filed by the petitioner in the original jurisdiction of the Supreme Court of South Carolina in 2014 do not constitute exhaustion of state court remedies. Under *Durkin v. Davis*, 538 F.2d 1037, 1041–42 (4th Cir. 1976), a petition filed in the original jurisdiction of a State's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).

The petitioner has yet to exhaust at least two viable state court remedies — an application for post-conviction relief and an "appeal" (petition for writ of *certiorari*) in a post-conviction case. This court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

Accordingly, based on the foregoing, it is recommended that the Section 2254 petition be dismissed *without prejudice* and without requiring the respondent

to file an answer or return.  It is also recommended that the district court deny a Certificate of Appealability.  The petitioner's attention is directed to the Notice on the next page.

April 21, 2015                                                      s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return because the Petition is successive. It is also recommended that the District Court deny a Certificate of Appealability. The petitioner's attention is directed to the important notice on the next page.